■ In the Matter of the PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, as Attorney in Fact for DANIEL BRADLEY, Petitioner, v BLANCHE BERNSTEIN, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Determination of the New York State Department of Social Services, after a fair hearing dated August 16, 1978, which affirmed the determination of the New York City Department of Social Services, denying petitioner's application for medical assistance, unanimously annulled, on the law, without costs or disbursements, and the matter remanded to the New York State Department of Social Services for appropriate action in accordance with this memorandum decision. In this transferred CPLR article 78 proceeding, petitioner Presbyterian Hospital (hereinafter referred to as the Hospital) seeks review of the afore-mentioned determination of respondent New York State Department of Social Services (hereinafter referred to as the State) which denied petitioner's application for medical assistance on the grounds that (1) the request for a hearing was not timely made and (2) the applicant (Bradley) failed to submit evidence to establish eligibility for such assistance. The facts are as follows: On December 14, 1976, Daniel Bradley was admitted to the Hospital, remaining there until January 16, 1977. Major surgery was performed. Unfortunately, Bradley suffered serious brain damage. The bill for his hospitalization was $19,883.31. On December 27, 1976 an application was made to the New York City Department of Social Services (hereinafter referred to as the City) for medical assistance on behalf of Bradley, while he was still in the Hospital. On April 1, 1977, after his discharge, a notice of nonacceptance of the application for medical assistance and request for financial information was sent to Bradley at 1240 Woodycrest Avenue, Bronx. The notice stated that Bradley had the right to request a fair hearing by the State. On the same date, a similar notice concerning Bradley's ineligibility was sent to the Hospital. Neither notice was answered. In December, 1977, Bradley's mother on behalf of Bradley reapplied to the City for the medical assistance. On January 26, 1978 the City sent a notice of nonacceptance of the (re)application for medical assistance to Bradley at 519 West 143rd Street,

New York City. The notice stated, *inter alia,* that a proper determination of eligibility could not be made because of insufficient information as to Bradley's means of maintenance and further, that he could request a fair hearing before the State within 60 days of the date of the notice (Social Services Law, § 135-a). On the same date, a similar notice was sent to the. Hospital. Thereafter, the Hospital on behalf of Bradley requested a fair hearing. The hearing was held in June, 1978. The issue at the hearing was Bradley's eligibility for the benefits claimed. A representative of the City testified from information contained in the City's file. No other witness testified for the City. In August, 1978, the determination of the State was issued, after which this proceeding was instituted. We find that the determination of the State to the extent that it denied Bradley's application on the ground that the request for fair hearing was not made within the 60-day time limitation is not supported by substantial evidence. It is noted that no issue was raised at the hearing concerning untimeliness. Therefore, this aspect of the determination has no place in the proceeding. In any event, there is a letter dated March 27, 1978 from petitioner, within the 60-day period following the City's notice of January 27, 1978 to Bradley, in which letter petitioner requested a fair hearing. There is no support in the hearing record for the hearing officer's notation on his worksheet that petitioner (first) requested a hearing on April 3, 1978. We further find that the determination of the State to the extent that it denied Bradley's application for medical assistance on the ground that Bradley failed to submit evidence to establish eligibility for such assistance also is not supported by substantial evidence (CPLR 7803, subd 4). At the threshold there was an issue at the hearing whether the City's notices of nonacceptance were sent to Bradley at his correct address. The hearing officer's remark, "I'm getting a little confused here with the addresses" typifies the record. As best can be gleaned it appears that the first notice (the notice dated April 1, 1977) was sent to Bradley at the Woodycrest Avenue address when he was residing at the West 143rd Street address and the second notice (the notice dated Jan. 26, 1978) was sent to him at West 143rd Street when he was residing at Woodycrest Avenue. Receipt of these notices was denied. In the circumstances, Bradley cannot be held accountable for failure to submit to the City the information requested by these notices. Furthermore, as to the substantive question of eligibility, the evidence presented by the City at the hearing consisted solely of statements by the City's representative who had no firsthand, actual knowledge of the application or the factual basis for the determination rendered by the City thereon. The City's representative testified only from hearsay "information" contained in the City's file. It appears that the City's investigation into Bradley's financial condition and eligibility for medical assistance was inadequate. Accordingly, further investigation and inquiry by the City, in co-operation with the Hospital is necessary in order for respondents to reach an appropriate determination on the question of Bradley's eligibility for the benefits claimed. To this end, the proceeding is remanded. Concur—Murphy, P. J., Kupferman, Burns, Bloom and Lynch, JJ.